MARKS v. SAMBRANO et al. (No. 306.)

(Court of Civil Appeals of Texas. El Paso.
Oct. 22, 1914. Rehearing Denied
Nov. 12, 1914.)

1. APPEAL AND ERROR (§ 719*)—REVIEW—
ASSIGNMENTS—SUFFICIENCY.

Where there was no assignment raising the
question of the preponderance of the evidence,
the appellate court can only look to the facts to
see if there was sufficient evidence to support
the judgments.

[Ed. Note.—For other cases, see Appeal and
Error, Cent. Dig. §§ 2968–2982, 3490; Dec.
Dig. § 719.*]

2. NAVIGABLE WATERS (§ 45*)—CHANGE OF
BED OF STREAM—EFFECT.

Where the Rio Grande changed its course
by avulsion, shifting lands from Texas into
Mexico, the ownership did not shift as in the
case of erosion, and on the subsequent return
of the land by avulsion to Texas, the owner-
ship remained in the original owner.

[Ed. Note.—For other cases, see Navigable
Waters, Cent. Dig. §§ 279, 280; Dec. Dig. §
45.*]

3. NAVIGABLE WATERS (§ 44*)—OVERFLOW OF
LAND—EFFECT.

Though land abutting on a river is over-
flowed and remains submerged for some time,
the owner does not lose his rights therein.

[Ed. Note.—For other cases, see Navigable
Waters, Cent. Dig. §§ 266–278, 281, 282; Dec.
Dig. § 44.*]

Appeal from District Court, El Paso Coun-
ty; A. M. Walthall, Judge.

Action by H. C. Marks against E. Sam-
brano and another. From a judgment for de-
fendants, plaintiff appeals. Affirmed.

Burges & Burges, of El Paso, for appel-
lant. Ballard Coldwell and C. W. Croom,
both of El Paso, for appellees.

HARPER, C. J. Appellant, H. C. Marks,
as plaintiff, sued E. Sambrano and Santos
Lucero as defendants, for title and posses-
sion of certain land situated in El Paso
county. Plaintiff alleged that he owned in
fee simple a tract of land which, at the time
he purchased same, did not abut upon the
Rio Grande river, but that between his tract
of land and the Rio Grande river was a tract
of land owned by defendant Sambrano, which
latter tract abutted upon the Rio Grande river;
that thereafter, by erosion, the Rio Grande
river destroyed the Sambrano tract and a large
part of the tract belonging to plaintiff, the
tract belonging to the plaintiff thereby becom-
ing riparian to the said river. Subsequent to
the destruction of the Sambrano tract the river
again changed its course, whereby a large
quantity of land accreted to the tract belong-
ing to the plaintiff, and plaintiff became the
owner thereof in fee simple. Plaintiff alleg-
ed, further, that immediately upon the
formation of the accretion to his tract, he
went into possession thereof, inclosed same
with fences, was in quiet possession, use,
and enjoyment, when, on or about September
1, 1912, the defendants Sambrano and Luce-
ro unlawfully entered upon his accreted land,
ejected plaintiff therefrom, and destroyed his
fences. Plaintiff prayed for injunction, title,
and possession. Temporary injunction was
granted. The defendants answered by gen-
eral and special exceptions, general denial
and plea of not guilty, and, specially answer-
ing, set up fee-simple title to certain land de-
scribed lying between the tract belonging to
the plaintiff and the Rio Grande river, also
specially denying that there had been any
erosion of the lands belonging to defendant
Sambrano, or that there had been any accre-
tion to the land owned by the plaintiff; that
the changes in the geography, topography, or
boundaries, if any, were caused by a tem-
porary flooding of the Rio Grande in the
spring or summer of the year 1912. The
cause was tried before the court without a
jury, resulting in judgment for plaintiff
quieting his title and possession to certain
land as was owned by him before the changes
of the river, perpetuating the injunction
thereto, also judgment for defendants that
plaintiff take nothing by his suit against them
as to certain land lying between the plain-
tiff's said tract of land and the Rio Grande
river, and, further, that the defendant Luce-
ro was found not to own any part of the
lands in controversy. From the judgment
the plaintiff appeals. The record does not
show any findings of fact or conclusion of law
of the trial court.

The first and fourth assignments, with
their propositions, charge that the court
erred in holding that the channel or bed of
the river changed by avulsion, because the
facts show that both changes were erosive.

The second and third assignments charge
that the court erred in holding that the lands
in controversy were overflowed and thereafter
reappeared, because the evidence shows that
they were totally destroyed.

The fifth, sixth, and seventh in effect is
that the first change of the river was by ero-
sion, and that by reason thereof the land be-
came Mexican territory, subject to the laws
of Mexico, and that the second change was
such as to transfer it to the United States,
and then subject to the laws of the United
States, and that, the plaintiff having taken
peaceable possession, the courts of this state
will protect such possession against naked
trespassers, as was defendant, because he
(defendant) having lost his land to the ripa-
rian owner across the river, by reason of an
erosive change, when it came back to the
United States side of the river, if by avul-
sion, the ownership of the Mexican riparian
land followed it here, and if by erosion, then,
plaintiff's land being the land next to the
river, such land became attached to plain-
tiff's holding, and could not be taken by de-
fendant.

It will be noted that the form of the sev-
eral assignments of error is such that they
charge that the court erred in its holdings

upon the law and fact. There is no finding of fact and conclusions of law in the record, so there is nothing in the record to which these assignments are·addressed, but the assignments will be disposed of as though they charge that the court erred in not holding the converse of the propositions presented.

[1] The holdings of the court which were necessary as a basis for the judgment entered, and to which the assignments of error are directed, being questions of fact, and there being no assignment raising the question of preponderance of the evidence, this court can only look to the facts to see if there be sufficient evidence to support the judgment entered.

[2] The principles of law invoked are well settled, and are not difficult of application to the facts of this case. The question for the trial court and for this court to determine is: Was the change in the bed of the river the result of erosion or avulsion? The appellees claim that it was the latter, and the appellant claims that it was the former. And the appellant should have recovered the lands sued for if the trial court had made his finding that way and the facts adduced upon the trial had been sufficient to sustain such finding, but we have carefully considered the statement of facts, and upon such conclude that both changes in the river, i. e., from north to south, then from south to north, were avulsive. Denny v. Cotton, 3 Tex. Civ. App. 634, 22 S. W. 122, Thomas Jeffries v. East Omaha L. Co., 134 U. S. 178, 10 Sup. Ct. 518, 33 L. Ed. 872, and Nebraska v. Iowa, 143 U. S. 359, 12 Sup. Ct. 396, 36 L. Ed. 186. At least there is sufficient evidence to this effect to sustain the judgment of the trial court.

If the trial court determined that the change in the river was avulsive in the first place, as we think the facts justify, there was never any change of ownership of the lands, but when they were shifted to Mexico, if they were, by an avulsive change, under the authorities cited, and all others, their ownership did not shift, so when they were again on the north side of the river, the rules of law as applied in the United States applied, that is, they were still owned by the appellees; hence the principles of law invoked by the fifth, sixth, and seventh assignments are not well taken.

[3] But the evidence plainly shows that the changes in the Rio Grande river were caused by the flood of 1911 and 1912, and at most the lands of appellee were simply submerged during the immediate times by flood waters which afterwards receded (as contended by appellee in brief); under such circumstances, appellee was never divested of his title to the lands. 29 Cyc. 352; Farnham on Waters & Water Rights, arts. 74 and 842; Gould on Waters (3d Ed.) arts. 158–351; Mulry v. Norton, 100 N. Y. 424, 3 N. E. 581, 53 Am. Rep. 206; Stockley v. Cissna, 119 Fed. 829, 56 C. C. A. 324; City of St. Louis v. Rutz, 138 U. S. 226, 11 Sup. Ct. 337, 34 L. Ed. 941; Hughes v. Birney, 107 La. 664, 32 South. 30.

Finding no error in the record the judgment of the lower court is affirmed.

Affirmed.

WALTHALL, J., did not sit in this case.